United States District Court
Southern District of Texas
**ENTERED**
December 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. 2:01-CR-84-1 |
| | § | |
| JOSEPH LEON SHARPE, | § | |
|     Defendant/Movant | § | |

## ORDER

Joseph Leon Sharpe filed a letter motion seeking jail credit for the period during which he was in federal custody beginning March 30, 2001, and continuing through November 13, 2001. D.E. 70.

Sharpe was indicted on March 14, 2001, for possession with intent to distribute a controlled substance, less than 50 grams of methamphetamine. D.E. 1. He was writted into federal custody and made his initial appearance in federal court on March 30, 2001. D.E. 6. Sharpe pleaded guilty in May 2001 and was sentenced on October 26, 2001, to 51 months in Bureau of Prisons (BOP) to be followed by three years supervised release. D.E. 29.

In 2004, Sharpe filed a motion seeking jail credit against his federal sentence for time he spent in state custody. The Court advised him by Order dated October 26, 2004, that he would have to exhaust his administrative remedies within the Bureau of Prisons before he could file a § 2241 motion in federal court. D.E. 34. Sharpe later filed a motion asking that his state and federal sentences be run concurrently. The Court denied the motion by Order dated January 30, 2005. D.E. 41.

Sharpe completed his federal sentence and was released to supervision on January

1

13, 2006. D.E. 46. In April 2007, the Probation Department sought a warrant for Sharpe's arrest for violation of the terms of his supervised release. On June 14, 2007, Sharpe pleaded true to two violations of his supervised release, evading arrest and resisting arrest. The Court sentenced him to 60 days imprisonment to be followed by 34 months supervised release by Judgment dated June 14, 2007. D.E. 54.

In August 2008, the Probation Department again sought an arrest warrant for Sharpe based upon violations of the terms of his supervised release. D.E. 56. In June 2010, Sharpe pleaded true to three violation of the terms of his supervised release, 1) aggravated assault, 2) unlawful possession of methamphetamine, and 3) failure to follow instructions of the Probation Officer. Sharpe was sentenced to 22 months in the Bureau of Prisons to be served consecutively to his sentence in Nueces County in two specified cases. D.E. 66.

Sharpe's letter motion bears a return address in Huntsville, Texas. He is not presently in federal custody, but instead is in state custody. Sharpe's request for sentencing credit must first be addressed administratively by the Bureau of Prisons. Once Sharpe has exhausted his administrative remedies within the Bureau of Prisons, he may then file a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241). His motion must be filed in the district court in which he is housed. For

example, if he remains in Huntsville, Walker County, Texas, his motion must be filed in the Southern District of Texas, Houston Division.

This Court has no authority to adjudicate Sharpe's claim for sentencing credit at this time. Although his motion is denied, today's order does not adjudicate the merits of his § 2241 complaints.

For the foregoing reasons, Sharpe's motion (D.E. 70) is DENIED WITHOUT PREJUDICE as to sentencing credit.

ORDERED this _15_ day of _Dec_, 20__.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE